JOHANNA RYAN, PLAINTIFF IN ERROR, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY AND MORRIS AND ESSEX RAILROAD COMPANY, DEFENDANTS IN ERROR.

Submitted March 27th, 1905—Decided November 20th, 1905.

This case controlled by Siggins *v.* McGill, decided by this court at the present term.

On error to the Hudson County Circuit Court.

For the plaintiff in error, *John J. Fallon.*

For the defendants in error, *Bedle, Edwards & Thompson.*

The opinion of the court was delivered by

PITNEY, J.    The record discloses that one Levering was in possession of the second floor of a tenement-house in Jersey City, under lease from the defendants, or one of them. The house was a three-story building, each floor rented to and occupied by a different family. The only water-closets pertaining to the premises were situate in the rear yard. There were two of these, used indiscriminately by the tenants of the several floors of the building. Neither of the closets was covered by Levering's lease. Mrs. Ryan, the plaintiff, was a sister of Mrs. Levering, and visited the premises for the purpose of doing her washing. While there she had occasion to go to the closet in the rear, and as she entered it the floor gave way through rottenness, precipitating her into the vault and injuring her somewhat seriously.

She brought this action to recover damages for the personal injuries and upon the trial was nonsuited. This judicial ruling is sought to be sustained upon the ground that there was no covenant, express or implied, on the part of the landlord, that the demised premises should be fit or suitable

for use, and no liability on the part of the landlord for injuries sustained by the tenant or a servant of the tenant by reason of the ruinous condition of the premises.

The bill of exceptions renders it clear, however, that the closet in which the plaintiff was injured was not a part of the premises demised to her employer, but was retained in the possession of the landlord, subject to the common use of the tenants by the landlord's permission. The duty, therefore, rested upon the landlord to exercise care about the condition of the closets. Since there was evidence from which the jury had a right to believe that there was a want of care on the landlord's part in this regard, and that the plaintiff was injured by reason thereof, without negligence on her part, the present case is governed by the rule laid down in *Siggins* v. *McGill, ante p.* 263, and the nonsuit was erroneous.

Counsel for defendants in error insist that there is neither privity of contract nor privity of estate between the owner of the property and the servant or visitor of one of the tenants, and cite *Clyne* v. *Helms,* 32 *Vroom* 358, as authority for the proposition that the landlord is exempted from liability to others than his tenant. But the opinion in that case (at *p.* 368) makes it clear that the exemption does not apply to cases where the liability of the landlord rests upon invitation.

The judgment under review should be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 13.